**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00303-AN** |
| **v.** | **INFORMATION** |
| **SHERI DOVER,** | **38 U.S.C. § 6102(b)** |
| **Defendant.** | |

**THE UNITED STATES ATTORNEY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Information:

1. Defendant **SHERI DOVER** was the owner and President of PDX Code Guild LLC, a non-institute of higher learning, non-college degree school located in Portland, Oregon, that purported to provide technical and computer training courses and certifications.

**Veterans' Tuition Assistance**

2. Under Title 38, United States Code, Chapter 33 – the "Post-9/11 GI Bill" – the United States provided educational assistance by paying for tuition, housing costs, and other educational costs and fees for veterans of the United States Armed Forces and other eligible persons that met certain qualifications. Generally, the Post-9/11 GI Bill applied to individuals

who entered military service or actively served in the military after September 11, 2001, and who otherwise qualified for assistance based upon their length of service, the nature of their discharge, and other service-related factors. As of October 1, 2011, the United States Department of Veterans Affairs ("VA") began paying Post-9/11 GI Bill benefits to individuals pursuing non-institute of higher learning, non-degree programs, including at non-accredited, non-college degree schools or programs, like PDX Code Guild.

3. Education benefits under the Post-9/11 GI Bill were paid directly to the school providing the course in the amount allowable under the statute. Before assistance was paid out under the Post-9/11 GI Bill, however, the school had to certify the individual's enrollment in the approved program. Other benefits, including a housing allowance, funds for books and supplies, and other educational costs, were paid directly to the veteran.

4. Further, under Public Law 115-48 – the "Harry W. Colmery Veterans Educational Assistance Act of 2017" – the VA provided educational assistance by paying for tuition and housing costs for a full-time high tech training program for veterans of the United States Armed Forces and other eligible persons that met certain qualifications. This was also known as the Veteran Employment Through Technology Education Courses program or VET TEC program. If certain conditions were met and the veteran was accepted into a VA approved program, then the VET TEC training did not count against the veteran's GI Bill entitlement.

5. For payments made under the Post-9/11 GI Bill, the VA paid the "actual net cost for in-state tuition" charged by a school after it had applied "any waiver of, or reduction in, tuition and fees; and any scholarship, or other Federal, State, institutional or employer-based aid or assistance." 38 U.S.C. § 3313.

6. The VA would not approve the enrollment of any veteran or other eligible person in any course for any period during which more than 85 percent of the students enrolled in the course were having all or part of their tuition, fees, or other charges paid to or for them by the school or VA. *See* 38 C.F.R. 21.4201(a). Failure to adhere to this requirement, which was commonly referred to as the "85/15 Rule," would result in the school's future enrollments being suspended from receipt of VA educational assistance. *See* 38 C.F.R. 21.4201(g)(2).

7. Further, when calculating 85/15 Rule, the school had to identify students as supported or non-supported. Supported students counted toward the 85 percent threshold. Supported students were: (a) veterans receiving VA benefits, and (b) students receiving institutional aid, where the institution's policy for determining the recipients of such aid was unequal with respect to veterans and non-veterans. Non-supported students were: (a) non-veteran students not receiving aid from the school, (b) students receiving federal aid, other than VET TEC benefits, and (c) students receiving assistance provided by the school, if the institutional policy for determining recipients of such assistance was equal with respect to veterans and non-veterans.

**COUNT 1**
**(Fraudulent Acceptance of Payments)**
**(38 U.S.C. § 6102(b))**

8. On May 1, 2019, **SHERI DOVER** initially applied to the VA for PDX Code Guild's participation in the VET TEC program using the VET TEC Participation Agreement. The VA granted PDX Code Guild VET TEC certification on July 20, 2019. **SHERI DOVER** reapplied for certification in the VET TEC program twice: first on October 25, 2020, and again on August 31, 2021. In all three VET TEC Participation Agreements, **SHERI DOVER** agreed

that PDX Code Guild "Under this PPA [*i.e.*, Program Participation Agreement], the Facility agrees to comply with the laws, regulations, and policies governing the VET TEC Pilot Program." Further, **SHERI DOVER** agreed that PDX Code Guild would "charge Veteran students the same (or less) tuition and fees as it charges non- Veteran students." Additionally, **SHERI DOVER** acknowledged VA "shall not approve an enrollment in any course for an eligible Veteran for any period during which more than 85 percent of the students enrolled in the course are having all or part of their tuition, fees or other charges paid for them by the educational institution or by VA."

9. On multiple occasions, **SHERI DOVER** provided the VA with false information regarding the number of non-supported students enrolled in each course at PDX Code Guild and falsely certified that PDX Code Guild was in compliance with the 85/15 rule.

10. To attempt to meet the 85/15 requirement, **SHERI DOVER** would count non-veteran students as non-supported students, even where those non-veteran students were receiving tuition discounts from PDX Code Guild. These tuition discounts were not made available on an equal basis to students receiving VA-assistance and **SHERI DOVER** decided who to offer tuition discounts to.

/ / /

/ / /

/ / /

/ / /

/ / /

11. From in or about April 2017, and continuing until in or about February 2024, in the District of Oregon, defendant **SHERI DOVER**, with the intent to defraud, did obtain and receive money and checks under laws administered by the Secretary of Veterans Affairs, to which **SHERI DOVER** knew she was not entitled, to wit: Post-9/11 GI Bill education benefit payments, resulting in a personal gain of $562,697.77;

All in violation of 38 U.S.C. § 6102(b).

Dated: August 25, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO, OSB #185047
Assistant United States Attorney